

# IN THE
# TENTH COURT OF APPEALS

## No. 10-19-00032-CR

## EX PARTE TARUN BHARDWAJ

## Original Proceeding

## O R D E R

On January 28, 2019 we received and filed a pro se petition for a writ of habeas corpus from Tarun Bhardwaj. The petition was filed as an original proceeding. In a summary format, the petition asserts that Bhardwaj is competent, he has not been charged with a crime, there are no allegations of a completed crime, there is no evidence of guilt, and he is not a danger.

A very limited and incomplete trial court clerk's record was filed on February 5, 2019. Included in the record is a mental health report.

The "State's Motion to Dismiss Pretrial Petition for Writ of Habeas Corpus for Want of Jurisdiction" was also filed on February 5, 2019.

On February 5, 2019 we also received the first of dozens of documents tendered to

the Court for filing from an email address identified as "Parul Bhartdwaj." All the emails, except one, from this address appear to be from Girjesh Sharma, who is representing to be Bhardwaj's mother residing in India.[1] Virtually every email we have received to date, more than four dozen, has had some form of attachment and most have had multiple attachments.[2] For the purposes of this proceeding, and until one of the parties states otherwise or objects, we will proceed upon the presumption that the representation is true, that Bhardwaj's mother is the author of the emails, and that she remains in India.

We have received a request from Girjesh to provide her copies of our communications with Bhardwaj. Because it currently appears that this is an original habeas corpus proceeding, there is not the usual prohibition of a non-attorney filing the petition and presenting information and evidence on behalf of the applicant. Moreover, in this instance, while the petition was filed by Bhardwaj, his current mental condition is an issue in this proceeding. Accordingly, while we will address our orders and correspondence to Bhardwaj, and expect responses thereto from him, we will provide

[1] One email from this address claims to be from Bhardwaj's older brother, Prsoon K. Bhardwaj.

[2] Prior to the filing of the Petition for Writ of Habeas Corpus, the Court's Clerk, several deputy clerks, and Chief Justice Gray, had been receiving emails with the same identifying information, Parul Bhartdwaj. The Court personnel were cc'ed in these emails that went to an extremely long list of persons; what would generally be characterized as a "blast" email. As such, it did not appear that these emails and the attached documents were directed to the Court, or to Court personnel, for filing in a proceeding or for the purpose of taking judicial action thereon. The documents were merely perused for the purpose of making or confirming that characterization, and those emails copied to the Chief Justice's personal email account have been retained by him. Those emails will be forwarded to the Court and made available upon request. They do not constitute part of the record in this proceeding and will not be utilized or reviewed in making any ruling in this proceeding.

copies to Girjesh, at the address from which the email request was received, and to the attorney representing Bhardwaj in the pending criminal matters.

We note, however, that Girjesh's emails are not being served on the State, Bhardwaj, or his attorney. They should be. Every document sent to this Court must reflect that it also was sent to all other parties to the proceeding. TEX. R. APP. P. 6.3. This includes letters and emails. Moreover, every "pleading" must be accompanied by proof of service which complies with the requirements of the Texas Rules of Appellate Procedure and any applicable filing fee. TEX. R. APP. P. 9.5(d); 5.

What is a pleading, rather than a letter, may sometimes be hard to determine; but a good general rule-of-thumb is that if you are asking the Court for anything, or if you are responding to a request by another party or the Court, your document is probably a pleading that must include proof of service. *See* TEX. R. APP. P. 9.5. Proof of service may be in the form of an acknowledgement of service by the person served or a certificate of service. TEX. R. APP. P. 9.5(d). A certificate of service must state the name and address of each person served. *Id*. (e)(2). This Court and this Court's Clerk are not parties to this proceeding and will not serve other parties to the proceeding with letters or pleadings.

We also note that many of Girjesh's emails contain requests or motions. While communications from Girjesh will be received into our document management system and posted on the Court's web page so that all persons, including the State, have access to them, the Court will not rule on any request or utilize the contents of any email or attachment from Girjesh in any way, without expressly notifying the parties of having

done so.

We understand the stress and uncertainty on Girjesh as the mother of a defendant in a court in the United States of America while she is in India. But we ask Girjesh to seriously consider the limited issues that the courts must address and the procedural limitations on the courts in which they can be addressed. Much of what we have seen in the attachments is not relevant to any issue properly pending in this Court and serves only to distract the Court from the relevant issues. Moreover, Bhardwaj contends that he is competent to represent himself; and we note that to some extent, the efforts, monitoring, and interference by Girjesh and her desire to help her son from afar undermine that essential issue. Thus, until such time as Bhardwaj designates someone else to represent him in this proceeding or there is a judicial determination of his inability to do so, we will move forward in this proceeding based upon Bhardwaj's representation of himself.

PER CURIAM

Before Chief Justice Gray,
     Justice Davis, and
     Justice Neill
Order issued and filed March 27, 2019

